## MOSHER *versus* MOSHER.

A division of land in *equal* proportions, made by mutual releases of the tenants in common, limits the right of dower, which may accrue to the widow of either of them, to the part which was released to her husband.

But there is no such limitation to her right, if, for a valuable consideration, the division was *purposely* made in *unequal* proportions.

### DOWER.

The tenant and the demandant's husband owned land as tenants in common : viz. the Mosher farm in unequal proportions ; the Cox farm in unequal proportions ; and a one acre store lot in equal proportions. There were mutual dealings between them, in which the balance was against the tenant. Their affairs were adjusted under the advice of referees. The demandant's husband released to the tenant a part of the land, and received from the tenant a release of the other part. The part released by the tenant was of the greatest value. This inequality was occasioned by his said indebtment. These facts were shown by parole testimony, and that sort of testimony was objected to by the plaintiff. This suit, which is brought to recover the dower in the part released to the tenant, is resisted on the ground that the releases operated as a

Mosher *v.* Mosher.

partition of the land, which had been held in common. The case was submitted for a legal decision.

*J. Pierce, jr.* for the demandant.

There was no partition as alleged by the tenant.

1. Because the deeds do not say so. Deeds of partition are governed by rules analogous to those which govern deeds of exchange. For these rules, see *Provost of Eaton College* v. *Bishop of Winchester*, 3 Wils. 384, also *Cass* v. *Thompson*, 1 N. H. 65.

Deeds of partition have been long recognized as special forms of conveyances. 2 Black. Com. 309, 324; Oliver's Conv. 416, 421. This is not a deed of partition. Cruise's Dig. title 32, c. 6, § 14, 17, c. 8, § 9 and 10. No agreement to make partition appearing from the deeds, such an agreement must be exterior, and to be recognized, must by the statute of frauds, be in writing.

2. There was no just division of the lands; different and various considerations entered into the contract, and its settlement. Their real intention was not to make a partition, but simply to settle money claims at issue between the tenants in common.

3. If a partition was made, yet the widow was not thereby barred of her dower, as she was not a party to it. Cruise's Dig. title 18, chap. 2, sect. 42; Kent's Com. vol. 4, p. 364, 365, notes, 8th ed.

4. Dower is favored at common law. Coke's Lit. sect. 93, note a; Stearns on Real Actions, chap. 5, sect. 274—278.

*W. P. Fessenden,* for the tenant.

The case calls for no anxiety in the court to sustain this suit. The demandant's husband had much the largest share of the land. And in that share her dower is indisputable.

There was a partition. Parol evidence is admissible to show it. The demandant, therefore, is not entitled to dower. *Potter* v. *Wheeler*, 13 Maine, 504; Rev. Stat. chap. 121, sect. 25; *Dolph* v. *Bassett*, 15 Johns. 21 : *Gammon* v. *Freeman*, 31 Maine, 243.

Partition at common law was a bar. The land given was for land received. The same act which secured one piece, parted with the other.

It is like the case of a mortgage, where an instantaneous seizin confers no right of dower.

There was a partition. 13 Mass. 504. There were deeds of release. The principle is, that partition is a bar. 15 Johns. 21.

Such partition has been made by parol. Take the case of partition, where one takes all the land, and pays money to the other, or the case where one's share is set off by a separate lot, with a balance in money. Can there be dower?

The parol testimony did not contradict the deeds. It contravened no rule of evidence.

*G. F. Shepley*, in reply.

SHEPLEY, C. J. — The tenant and the husband of the demandant were brothers, owning as tenants in common three separate tracts of land, of unequal value. These were the Cox farm containing about one hundred acres; of the Mosher farm, one half, containing about seventy-five acres; and one acre of land with a store upon it. Benjamin was indebted to Daniel. To sever their interests in the common estates and to pay this debt in part, they made conveyances to each other on Dec. 13, 1826. Daniel conveyed to Benjamin, by a deed of release, his share of the Mosher farm; and Benjamin conveyed to Daniel, by a similar deed, his share of the Cox farm and his share of the one acre lot with the shop upon it. The difference between the value of the estates conveyed, as estimated by persons selected by the parties, was applied to extinguish in part the debt due from the tenant to Daniel.

The demandant, as the widow of Daniel, claims dower in that portion of the Mosher farm formerly owned by her husband.

This claim is resisted on the ground, that those conveyances only operated as a partition of the estates held in common.

Mosher *v.* Mosher.

Partition of an estate owned by tenants in common may be made by deeds of release as well as by deeds of partition and by process of law. Where a simple partition of a common estate is made, the right of the widow of each tenant to claim dower may well be restricted to the share assigned or conveyed to her husband. That must be presumed to have been of equal value to the husband's share of the whole estate. If partition be not made by assigning or conveying to each his own share, and the estate is conveyed in unequal shares, of unequal values, and especially when other considerations beside that of a division of the common estate occasion the conveyances, no principle is perceived, or authority presented, limiting the right of a widow to claim dower only in the portion conveyed to her husband.

It is indeed true, that it would not operate unjustly in this case, if the demandant's claim were thus restricted, for her husband acquired a greater estate than he released. The soundness of the principle to be applied to effect this, may be tested by supposing the lives of the persons to have terminated differently.

If the tenant had deceased before Daniel, leaving a widow, could her claim to dower be restricted to land conveyed to her husband ? If so, her right to dower would be diminished by those conveyances, and for value paid to her husband for a more than equal share of the land, in the discharge of a part of a debt due from him, and she would be deprived of a part of her right to dower without her consent.

This being inadmissible, suppose her to have recovered dower in all the land conveyed by her husband, and that Daniel had then deceased, leaving the demandant as his widow, could her right to dower be restricted to the land conveyed to her husband, which had already been diminished by an assignment of dower to the widow of Benjamin? If so, the conveyances would not have a like effect upon the rights of the widow of each party to them.

The apparently inequitable claim of the demandant does not arise out of any lack of equity in the principles of law,

or in their application; but out of the proceedings of the husbands in making those conveyances, and from the providential termination of lives in a manner not anticipated. ·

*Tenant defaulted.*